UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| HARRY LOWE, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 2:13-cv-232-JMS-WGH |
| WARDEN, Federal Correctional Center, | ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

Petitioner Harry D. Lowe seeks immediate release from federal custody claiming that he was sentenced in violation of the Sixth Amendment. Lowe's challenge to the legality of his sentence is brought pursuant to 28 U.S.C. § 2241. For the reasons explained in this Entry, Lowe's petition for a writ of habeas corpus must be **denied.**

**I. Background**

Lowe is confined in this District serving the executed portion of a sentence imposed by the United States District Court for the Northern District of Illinois. Lowe previously challenged his sentence on direct appeal and in a motion for relief pursuant to 28 U.S.C. § 2255. Each time his claims were rejected. *See U.S. v. Smith,* 308 F.3d 726, 735 (7th Cir. 2002) (affirming Lowe's conviction and sentence on direct appeal and holding that "Lowe's *Apprendi* argument is also meritless . . .since the drug amount as determined by the district court did not push the sentence beyond the statutory maximum." *Id.* at 745); *Lowe v. United States*, 2007 WL 2990111, * 3 (D. Minn 2007) (unpublished) (discussing trial court's ruling on § 2255 motion which rejected claims based on *Blakely v. Washington*, 542 U.S. 296 (2004)).

On June 18, 2007, Lowe filed an application for a writ of habeas corpus pursuant to § 2241 in the District of Minnesota once again challenging the propriety of his sentence, and arguing, as he has several times before, that his sentence is unconstitutional under *Apprendi*. That § 2241 petition also failed. The Minnesota district court explained:

> Although Petitioner [Lowe]obviously disagrees with the prior rulings on his *Apprendi - Blakely* claims in the Northern District of Illinois and the Seventh Circuit Court of Appeals, that does not mean that the remedy provided by § 2255 is inadequate or ineffective and that the "savings clause" applies.

*Lowe*, 2007 WL 2990111, * 7. Now before the Court is Lowe's second § 2241 petition.

## II. Discussion

"A federal prisoner may use a § 2241 petition for a writ of habeas corpus to attack his conviction or sentence only if § 2255 is 'inadequate or ineffective.'" *Hill v. Werlinger,* 695 F.3d 644, 645 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). Nevertheless, 28 U.S.C. § 2244(a) prevents a federal inmate from utilizing § 2241 to challenge the validity of a federal court conviction or sentence which has previously been presented to the federal court for determination, such as when challenged by way of federal collateral review. *Valona v. United States*, 138 F.3d 693, 694–695 (9th Cir. 1998) (concluding that § 2244(a) bars successive petitions under § 2241 directed to the same issue concerning execution of a sentence); *Chambers v. United States*, 106 F.3d 472, 475 (2d Cir. 1997) (barring as a second § 2241 petition a repetitive challenge to application of time credits in the administrative calculation of a federal sentence).

As noted, Lowe has traveled this precise path in his habeas action in the District of Minnesota. His effort was rejected because he failed to show that the remedy offered by 28 U.S.C. § 2255 was inadequate or ineffective. That same conclusion would be made here, and for

the same reasons, if Lowe had not encountered the filing barrier created by § 2244(a) in attempting to use § 2241 to repeat arguments previously raised to other courts in other circuits.

In addition, Lowe's current reliance on *Alleyne v. United States,* 133 S.Ct. 2151 (2013), advances him nothing because the Seventh Circuit has specifically held that *Alleyne* does not apply retroactively to cases on collateral review. *Simpson v. United States,* 721 F.3d 875 (7th Cir. 2013) (discussing *Alleyne* in context of habeas proceedings).

Accordingly, his petition for writ of habeas corpus is **denied** and this § 2241 action is dismissed with prejudice. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 04/09/2014

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

HARRY D. LOWE
08637-424
TERRE HAUTE FEDERAL CORRECTIONAL INSTITUTION
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

All Electronically Registered Counsel